WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Antunez, | No. CV-16-01072-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's appeal of the denial of her application for social security disability benefits by the Defendant.

## I. Standard of Review

The decision of Administrative Law Judge ("ALJ") to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quotation omitted). "Substantial evidence" means more than a mere scintilla, but less than a preponderance. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). In determining whether there is substantial evidence to support a decision, the Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720. "Where evidence is

susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see also Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

## II. Issues on Appeal

On appeal, Plaintiff raises three claims of error: 1) ALJ erred in concluding Plaintiff could perform her past work; 2) the ALJ erred in not crediting Plaintiff's treating physicians; and 3) the ALJ erred in not crediting Plaintiff's symptom testimony. Although in the opening brief Plaintiff pursues all three claims of error, in her reply brief, she relies only on the first theory.

### A. Plaintiff's past work

As to Plaintiff's first claim of error – that the ALJ erred in concluding that Plaintiff could perform her past work – Defendant concedes error. (Doc. 18 at 3). However, Defendant argues that the error was harmless. (*Id.*).

Specifically, the ALJ found that:

> The record indicated that the claimant worked as a cashier/checker from June of 1997 until January of 2000, and the claimant worked as a garment sorter from January of 2003 until April of 2003. The record also indicated that the claimant received income at substantial gainful activity level at these positions.

(Doc. 13-3 at 17).

The undisputed facts on appeal are that, from 1997-2000, Plaintiff worked as a meat packer, not as a cashier. (Doc. 19 at 3). Plaintiff argues, and Defendant does not dispute, that the cashier position would be light work, at level 3, and the meat packer position would be medium work, at level 2. (Doc. 16 at 25). Further, while Plaintiff did work as a garment sorter from January 2003 to April 2003, her income at that position

did not rise to the substantial gainful activity level. (Doc. 19 at 3). Thus, the ALJ's factual findings regarding the 1997-2000 job and the 2003 job are not supported by the record.

Defendant argues, however, that these errors were harmless because Plaintiff worked at a job as a cashier and garment sorter in 2006 and 2007 and earned income at the substantial gainful activity level in that position. (Doc. 18 at 4). Thus, Defendant concludes that while the ALJ's articulated facts are incorrect, the record supports the ALJ's ultimate conclusion.

Plaintiff replies and argues that the errors are not harmless for two reasons. First, Plaintiff argues that as a matter of law, defense counsel cannot supply post hoc rationalizations to substitute for the actual reasons given by the ALJ. (*See* Doc. 19 at 2 and cases cited therein). Second, Plaintiff argues that, as a matter of fact, the 2006-2007 job on which Defendant now relies was a composite job that encompasses more than one job listed in the Dictionary of Occupational Titles and included more than only cashiering and garment sorting. (Doc. 19 at 4-5). Plaintiff concludes that because there was no testimony before the ALJ regarding whether Plaintiff could do all the components of the 2006-2007 job, it would be error for this Court to conclude that Plaintiff can perform this job.

**B. Conclusion**

The Court agrees with Plaintiff that on this record, this Court cannot determine whether Plaintiff can perform her past work at the substantial gainful activity level. In her reply, Plaintiff seeks to have this matter, "remanded for further administrative proceedings, including but not limited to, a new administrative hearing and ALJ decision." (Doc. 19 at 6).

As discussed above, in her opening brief, Plaintiff raised two additional claims of error. Because this Court has determined that remand is required, and because Plaintiff did not continue to pursue these additional two theories in her reply, this Court will not reach them in this appeal. Thus, while the Court agrees that a new administrative

hearing, additional vocational expert testimony, and a new ALJ decision is required on remand to address the errors found herein, the Court will not order a de novo hearing on all issues. However, to the extent necessary to determine whether Plaintiff can perform her past work, the ALJ has the discretion to conduct a de novo hearing.

Based on the foregoing,

**IT IS ORDERED** that the decision of the Commissioner is reversed and remanded for further proceedings consistent with this decision and the Clerk of the Court shall enter judgment accordingly.[1]

Dated this 1st day of May, 2017.

James A. Teilborg
Senior United States District Judge

---

[1] To the extent a mandate is require, the judgment shall serve as the mandate.