**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Antunez, | No. CV-16-01072-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Maria Antunez's Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, (the "Motion," Doc. 23). Defendant Acting Commissioner of the Social Security Administration (the "Commissioner") has filed her Response, (Doc. 24). The Court now rules on the Motion.

## I. BACKGROUND

Plaintiff applied for Social Security disability benefits in October 2012. (Tr. 10).[1] Plaintiff's applications were denied initially on March 20, 2013 and upon reconsideration on August 26, 2013. (Tr. 10). After a hearing held on July 30, 2014, (Tr. 23–43), the Administrative Law Judge (the "ALJ") denied Plaintiff's applications. (Tr. 17).

On April 15, 2016, Plaintiff commenced suit pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking a review of the ALJ's denial of her applications for disability insurance benefits and supplemental security income. (Doc. 1 at 1). This Court held that

---

[1] Citations to "Tr." are to the certified administrative transcript of record. (Doc. 13).

the ALJ committed harmful error by concluding that Plaintiff could perform past work. (Doc. 21 at 2). As a result, this Court reversed and remanded the ALJ's decision for "a new administrative hearing, additional vocational expert testimony, and a new ALJ decision" addressing the ALJ's errors related to Plaintiff's past work. (*Id.* at 3–4). This Court did not reach a decision on Plaintiff's two additional claims of error. (*Id.* at 3).

After the reversal, Plaintiff filed the current Motion requesting $6,345.07 in attorneys' fees and costs under the EAJA. (Doc. 23). The Commissioner's Response states that she "finds no basis for objection" and "defer[s] to the Court's assessment of the matter." (Doc. 24 at 1).

## II. LEGAL STANDARD

The EAJA allows "a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (2012). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993).

The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). To be substantially justified, a position must be "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (holding that "substantially justified" means having a reasonable basis both in law and fact). In EAJA actions, the government bears the burden of proving that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

When analyzing the government's position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of Plaintiff's claim in its entirety or the ultimate disability determination. *Flores v. Shalala*,

49 F.3d 562, 569 (9th Cir. 2008); *see also Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be substantially justified at each stage of the proceedings." (citation and quotation marks omitted)).

**III.    ANALYSIS**

Plaintiff requests attorneys' and paralegals' fees of $6,328.45, and costs of $16.62. (Doc. 23 at 2). Plaintiff also asks that "fees be made payable to the attorney." (*Id.*). The Commissioner does not oppose Plaintiff's Motion. (Doc. 24).

The Court could "treat the government's non-opposition as constituting a failure to offer a basis for finding of substantial justification and, thus, a failure to carry its burden of proof." *Gwaduri v. INS*, 362 F.3d 1144, 1146 (9th Cir. 2004). However, the Court should exercise discretion in awarding fees under EAJA and "has an independent obligation to ensure that the request is reasonable." *Keyser v. Astrue*, No. 08-1268-CL, 2012 WL 78461, at *3 (D. Or. Jan. 10, 2012); *see also Webb v. Ada Cty.*, 195 F.3d 524, 527 (9th Cir. 1999) (recognizing that a district court possesses "considerable discretion" in determining the reasonableness of a fee award). Accordingly, the Court reviews both the reasonableness of Plaintiff's request and whether Plaintiff's counsel should receive the costs and fees directly.

  **A.** **Attorneys' Fees & Costs**

Plaintiff claims that an EAJA award is available as: (1) Plaintiff's net worth did not exceed $2,000,000 at the time the action was filed; (2) Plaintiff was a "prevailing party" in a case against the U.S. Government; and (3) the position of the United States was not substantially justified. (Doc. 23 at 2). Because the Commissioner does not argue that her position was substantially justified, the Court concludes that Plaintiff is entitled to all reasonable attorneys' fees and need only analyze whether Plaintiff's requested attorneys' fees are reasonable. *See Cudia v. Astrue*, No. 2:08-cv-01676 KJN, 2011 WL 6780907, at *8 (E.D. Cal. Dec. 27, 2011).

Plaintiff requests $5,568.45 for 28.9 hours of attorney work, $760.00 for 7.6 hours of paralegal work, and $16.62 in costs, for a total award of $6,345.07. (*See* Doc. 23-1

- 3 -

at 2–3). Courts within the Ninth Circuit have "recognize[d] a range of 20–40 hours to be 'a reasonable amount of time to spend on a social security disability case that does not present particular difficulty.'" *Syas v. Astrue*, No. 03:10-cv-06391-HU, 2012 WL 3144041, at *2 (D. Or. June 15, 2012) (quoting *Harden v. Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215–16 (D. Or. 2007)). Here, Plaintiff's requested hours fall within the spectrum of reasonableness. Further, the Court's review of the attorneys' ledger reveals that Plaintiff's counsel did not spend an unreasonable amount of time on any particular task while preparing Plaintiff's case. (*See* Doc. 23-2). Accordingly, the Court awards attorneys' fees and costs in the amount of $6,345.07.

### B. To Whom Is Award Paid

Plaintiff also motions for this Court to award attorneys' fees and costs totaling $6,345.07 directly to Plaintiff's counsel under 28 U.S.C. § 2412. (*See* Doc. 23 at 2). The record includes an affidavit from Plaintiff asserting that she "hereby agree[s] to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney." (Doc. 23-6 at 2).

"The fact that the [EAJA] awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not," however, "establish that the statute 'awards' the fees directly to the attorney." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Instead, the EAJA "'awards' the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* Here, Plaintiff agreed to assign all rights to any EAJA fee award to her counsel. (Doc. 23-6 at 2).

Nonetheless, the Anti-Assignment Act ("the Act") forbids the assignment of claims against the United States unless certain requirements are satisfied. 31 U.S.C. § 3727 (2012). Namely, an assignment is permitted only: (1) "after a claim is allowed"; (2) when "the amount of the claim is decided"; and (3) when "a warrant for payment of the claim has been issued." *Id.* § 3727(b). In this case, Plaintiff's assignment was executed on April 8, 2016, well before any EAJA claim was allowed or the amount

decided. (Doc. 23-6 at 2). Because the assignment does not meet the Act's requirements, the Court concludes that the assignment is invalid as contrary to the Act. In any event, the determination of whether to pay Plaintiff's counsel directly "must be made *by the Commissioner* after confirming that Plaintiff has assigned her right to fees and does not owe a debt that is subject to offset under the Treasury Offset Program." *Zamora v. Colvin*, No. CV-13-01970-PHX-DGC, 2014 WL 4388537, at *2 (D. Ariz. Sept. 5, 2014) (emphasis added) (citing *Ratliff*, 560 U.S. at 594). Consequently, the Court will deny Plaintiff's request for the EAJA fees to be made payable directly to her counsel.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for an Award of Attorneys' Fees under the EAJA, (Doc. 23), is **GRANTED** to the extent it seeks $6,345.07 in attorneys' fees and costs pursuant to the EAJA. The Motion is **DENIED** to the extent it requests that the fees be made payable directly to Plaintiff's counsel.

**IT IS FURTHER ORDERED** that this award shall be payable directly to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Ratliff*, 560 U.S. 586.

Dated this 13th day of September, 2017.

James A. Teilborg
Senior United States District Judge